GEORGE E. DOTY *et al. vs.* ORIENTAL PRINT WORKS.

PROVIDENCE—APRIL 21, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Receivers.   Rent.   Insurance.   Equity.*

By virtue of a decree by consent of parties, petitioners, as executors and mortgagees, took possession of property, in the hands of a receiver for the purpose of selling under the mortgage, the decree reciting : "such possession not to be exclusive of the possession of P., the receiver; said receiver having the right to use said property for the purpose of finishing the cloths now in process until said property is sold under said mortgage."   The property was sold under the mortgage to the petitioners as trustees May 22, 1901, but they took no deed until August 31, 1901. Before that time the receiver had finished the work stipulated for in the decree and had under his charge only goods which were by request of petitioners placed in the storehouse.   Petitioners did not intend to own the property, but had arranged a sale to D. and placed him in charge pending completion of title.   June 17, 1901, notice was given the receiver that he would be expected to pay rent for said premises until he should vacate the same.

Under the mortgage the mortgagor was to keep up insurance at its expense. The policies were payable to the mortgagees.   These policies were cancelled April 20, 1901, by the companies who paid the return premiums to the receiver, and the petitioners took out new insurance at their own expense :—

*Held*, that the effect of the decree entered by consent was to waive any claim to an allowance for use and occupation by the receiver of the property and to recognize his right until the sale.

*Held*, further, that up to the consummation of the sale the mortgagor was bound to keep up the insurance, and the proportionate part received by the receiver for a cancellation of insurance belonged to the mortgagees by virtue of the underlying contract for insurance, and was not money belonging to the estate.

PETITION seeking relief set forth in the opinion.

STINESS, C. J.  Upon the intervening petition of the executors and trustees under the will of Eben D. Jordan, mortgagee, the court is of opinion that the petitioners are not entitled to an allowance for use and occupation by the receiver.

As executors and mortgagees, by a decree of this court entered by consent of all parties, they took possession of the property for the purpose of selling under the mortgage, the decree reciting : " such possession, however, of said property not to be exclusive of the possession of C. Frank Parkhurst, the receiver herein ; said receiver having the right to use said property for the purpose of finishing the cloths now in process until said property is sold under said mortgage."

Whatever might have been the rights of the petitioners, as mortgagees, had they contested the right of the receiver to possession prior to sale, it is clear that the effect of the decree entered by consent was to waive any claim and to recognize his right until the sale.  Such an agreement is inconsistent with the present claim.

The joint possession was beneficial to both parties : to the receiver in finishing the goods and to the mortgagees in relieving them from expense under insurance policies, for watchmen, and keeping up steam.

The property was sold under the mortgage May 22, 1901, to the petitioners as trustees, but they took no deed until August 31, 1901.  Before that time the receiver had finished the work stipulated for in the decree and had under his charge only goods and supplies which were by request of the representative of the petitioners placed in the storehouse.

The petitioners were not disturbed, in any use which they wished to make of the property, by the receiver's occupation, because they did not intend to own the works. On the contrary, they had arranged a sale of the property to Mr. Dunnell and had put him in custody and possession, pending the completion of the title, as the probable purchaser and their representative, and he was meanwhile arranging for changes which he wished to make. Mr. Dunnell testifies that he understood that the slight occupation by the receiver, after the completion of his work, was " by courtesy."

Although the petition avers that on June 17, 1901, notice was given to the receiver that he would be expected to pay rent for the use of said premises until he should vacate the same, the facts above recited are inconsistent with a right to claim such rent.

It appears that under the mortgage the mortgagor was to keep up insurance on the property at its expense. The receiver represented the estate of the Oriental Print Works, the successor in title of the mortgagor. The Oriental Print Works held it subject to the terms of the mortgage, including the agreement for insurance. Accordingly the policies were payable to the mortgagee.

These policies were cancelled by the companies April 20, 1901, who paid the return premiums to the receiver. The petitioners were obliged to take out new insurance at their own expense.

Up to the consummation of the sale the mortgagor was bound to keep up the insurance. It could not in equity be allowed to benefit itself by the breach of its own contract. Hence, if it had still held the property, it would have been liable to pay over the money received for a cancellation of insurance up to that time. It was equally a breach of the contract, whether the policies were cancelled by the companies or by the mortgagor. The money which came from the policies equitably belongs to the mortgagees, by virtue of the underlying contract for insurance. The proportionate part so received by the receiver is not money belonging to his estate, but to them, in substitution for the expense incurred by them,

for that time, in carrying out the mortgagor's agreement antedating any other rights involved in this case.   The receiver does not properly hold it as assets of the Oriental Print Works, and, therefore, should pay it over to the petitioners.

Decree may be entered accordingly.

*C. A. Aldrich*, for intervening petitioners.
*Comstock & Gardner*, for receiver.